AO 106 (Rev. 04/10)  Application for a Search Warrant

HH

# UNITED STATES DISTRICT COURT

FILED
RICHARD W. NAGEL
CLERK OF COURT

for the

Southern District of Ohio

2019 FEB 12  PM 1:05

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* Information associated with the Facebook Accounts for usernames https://www.facebook.com/chris.newcomb and https://www.facebook.com/randa.hughes that is stored at premises controlled by Facebook, Inc. | ) ) ) ) ) ) Case No.  **2:19 mj 119** |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

SEE ATTACHMENT A INCORPORATED HEREIN BY REFERENCE

located in the _____Northern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized):*

SEE ATTACHMENT B INCORPORATED HEREIN BY REFERENCE

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2251(a) | use of a minor engaged in sexually explicit conduct for the purposes of producing a visual depiction of such conduct |
| 18 USC 2252 | distribution, receipt and possession of visual depictions of minors engaged in sexually explicit activity |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT INCORPORATED HEREIN BY REFERENCE

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __2/12/2019__

_____
*Judge's signature*

City and state: Columbus, Ohio

Elizabeth Preston-Deavers, U.S. Magistrate Judge
*Printed name and title*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | ) | Case No.: **2:19 mj119** |
| INFORMATION ASSOCIATED WITH | ) | |
| FACEBOOK ACCOUNT FOR USERNAMES: | ) | |
| https://www.facebook.com/chris.newcomb3 | ) | |
| and https://www.facebook.com/randa.hughes.5 | ) | Magistrate Judge |
| THAT IS STORED AT PREMISES | ) | |
| CONTROLLED BY FACEBOOK INC. | ) | **MAGISTRATE JUDGE DEAVERS** |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Larry J. McCoy, a Task Force Officer with the Federal Bureau of Investigation (FBI),
being duly sworn, hereby depose and state:

## I. INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant for information
associated with certain Facebook user IDs that is stored at premises owned, maintained,
controlled, or operated by Facebook Inc. ("Facebook"), a social networking company
headquartered in Menlo Park, California.  The information to be searched is described in the
following paragraphs and in Attachment A.  This affidavit is made in support of an application
for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require
Facebook to disclose to the government records, including content of communications, and other
information in its possession, pertaining to the subscriber or customer associated with the listed
usernames.

2.     I am a Task Force Officer with the Federal Bureau of Investigation (FBI) assigned to the
Cincinnati Division and I have been since February 2017. I am also a Special Agent with the
Ohio Bureau of Criminal Identification and Investigation (BCI), and am currently assigned the
Ohio BCI Crimes Against Children Unit, and assigned to the FBI Child Exploitation Task Force,
investigating matters involving the online exploitation of children and child pornography. I have

1

been in law enforcement for more than 23 years, and have made arrests and have executed search warrants pertaining to these types of investigations.

3. During my career as a police and task force officer, I have participated in various investigations involving computer-related offenses and have executed numerous search warrants, including those involving searches and seizures of computers, computer equipment, software, and electronically stored information. I have received both formal and informal training in the detection and investigation of computer-related offenses. As part of my duties as a police and task force officer, I investigate criminal violations relating to child exploitation and child pornography, including, but not limited to, the illegal production, distribution, transmission, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A.

4. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

**II. PURPOSE OF THE AFFIDAVIT AND METHOD OF CONDUCTING SEARCH**

4. The facts set forth below are based upon my own personal observations, my training and experience, investigative reports, and information provided to me by other subjects and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I have not withheld any evidence or information that would negate probable cause.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 2251, 2252, and 2252A, involving the use of a minor engaged in sexually explicit activity for the purpose of producing or attempting to produce a visual depiction, receiving, distributing and possessing such visual depictions, have been committed by the user or subscriber of the Facebook account for username: **Chris.newcomb3 (https://www.facebook.com/chris.newcomb3)** and username **Randa.hughes.5 (https://www.facebook.com/randa.hughes.5)** There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

2

6.      I am requesting authority to search the Facebook accounts where the items specified in Attachment B may be found, and to seize all items listed in Section II of Attachment B as contraband, instrumentalities, fruits, and evidence of the crimes listed above.

## III. JURISDICTION

7.      This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).]

## IV. APPLICABLE STATUTES AND DEFINITIONS

8.      Title 18 United States Code, Section 2251(a) makes it a federal crime for any person to employ, use, persuade, induce, entice, or coerce any minor to engage in, or have a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, if such person knows or has reason to know that either the visual depiction will be transported or transmitted via a facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, or that the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce, or if that the visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce. Subsection (e) of this provision further prohibits conspiracies or attempts to engage in such acts.

9.      Title 18, United States Code, Section 2252, makes it a federal crime for any person to knowingly receive, distribute or possess any visual depiction of a minor engaging in sexually explicit conduct, if such receipt, distribution or possession utilized a means or facility of interstate commerce, or if such visual depiction has been mailed, shipped or transported in or affecting interstate or foreign commerce. This section also prohibits reproduction for distribution of any visual depiction of a minor engaging in sexually explicit conduct, if such reproduction utilizes any means or facility of interstate or foreign commerce, or is in or affecting interstate commerce.

3

10.    . As it used in 18 U.S.C. §§ 2251 and 2252, the term "sexually explicit conduct" is defined in 18 U.S.C. § 2256(2)(A) as: actual or simulated: sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

11.    The term "minor" means any person under the age of eighteen years, pursuant to 18 U.S.C. § 2256(1);

12.    The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image, pursuant to 18 U.S.C. § 2256(5);

13.    The term "computer" is defined in 18 U.S.C. § 1030(e)(1) as an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

14.    The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (such as writings), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (such as printing or typing) or electrical, electronic or magnetic form (such as any and all digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

15.    "Internet Service Providers" (ISPs), as used herein, are commercial organizations that are in business to provide individuals and businesses access to the Internet. ISPs provide a range of functions for their customers including access to the Internet, web hosting, email, remote storage, and co-location of computers and other communications equipment.

16.    "Internet Protocol address" (IP address), as used herein, is a code made up of numbers separated by dots that identifies a particular computer on the Internet. Every computer requires an IP address to connect to the Internet. IP addresses can be dynamic, meaning that the ISP assigns a different unique number to a computer every time it accesses the Internet. IP addresses might also be static, if an ISP assigns a user's computer a particular IP address which is used each time the computer accesses the Internet.

4

## V. BACKGROUND INFORMATION REGARDING SOCIAL MEDIA AND FACEBOOK

17.     Through my training and experience, I have learned that Facebook, Inc., (hereinafter referred to as "Facebook") owns and operates a free-access social networking website of the same name that can be accessed at http:www.facebook.com. Facebook allows its users to establish accounts with Facebook, and users can then use their accounts to share written news, photographs, videos, and other information with other Facebook users, and sometimes with the general public. Even if the owner deletes the news, photographs, videos, and other information, it may continue to be available on Facebook's servers for a certain period of time.

18.     Facebook asks users to provide basic contact information to Facebook, either during the registration process or thereafter. This information may include the user's full name, birth date, contact e-mail addresses, physical address (including country, city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers. Facebook also assigns a user identification number to each account.

19.     Facebook users can create profiles that include photographs, lists of personal interests, and other information. Facebook users can also post "status" updates about their whereabouts and actions, as well as links to videos, photographs, articles, and other items available elsewhere on the Internet, as well as their own individual videos and photographs. Facebook users can also post information about upcoming "events," such as social occasions, by listing the event's time, location, host, and guest list. A particular user's profile page also includes a "Wall," which is a space where the user and his or her "Friends" can post messages, attachments, and links that will typically be visible to anyone who can view the user's profile.

20.     Facebook users can select different levels of privacy for the communications and information associated with their Facebook accounts. By adjusting these privacy settings, a Facebook user can make information available only to himself or herself, to particular Facebook users, to all Facebook users, or to anyone with access to the Internet, including people who are not Facebook users.

21.     A Facebook user can connect directly with other Facebook users by sending the other user a "Friend Request." If the recipient of a "Friend Request" accepts the request, then the two

5

users will become "Friends" for purposes of Facebook and can exchange communications or view information about each other. Each Facebook user's account includes a list of that user's "Friends" and a "Mini-Feed," which highlights information about the user's "Friends," such as profile changes, upcoming events, and birthdays.

22.     Facebook users can exchange private messages on Facebook with other users. These messages, which are similar to e-mail messages, are sent to the recipient's "Inbox" on Facebook, which also stores copies of messages sent by the recipient, as well as other information. These private messages may also include attachments, such as videos and photos. Facebook users can also post comments on the Facebook profiles of other users or on their own profiles; such comments are typically associated with a specific posting or item on the profile.

23.     Facebook also retains Internet Protocol ("IP") logs for a given user ID or IP address. These logs may contain information about the actions taken by the user ID or IP address on Facebook, including information about the type of action, the date and time of the action, and the user ID and IP address associated with the action. For example, if a user views a Facebook profile, that user's IP log would reflect the fact that the user viewed the profile, and would show when and from what IP address the user did so.

24.     Social networking providers like Facebook typically retain additional information about their user's accounts, such as information about the length of service (including start date), the types of service utilized, and the means and source of any payments associated with the service (including any credit card or bank account number). In some cases, Facebook users may communicate directly with Facebook about issues relating to their account(s), such as technical problems, billing inquiries, or complaints from other users. Social networking providers like Facebook typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communication.

25.     Therefore, the computers and servers of Facebook are likely to contain all the material just described, including stored electronic communications, video and photographic content, and information concerning subscribers and their use of Facebook, such as account access information, and transaction information.

6

**VI. INVESTIGATION AND PROBABLE CAUSE**

26.     Your Affiant, TFO McCoy, was contacted by Ohio Bureau of Criminal Identification and Investigations (BCI) Special Agent Ryan Scheiderer. Agent Scheiderer explained he was conducting an investigation regarding the murder of multiple people in Pike County Ohio, and during this investigation, he discovered what he believed to be child pornography and child exploitation material. Your Affiant knows that Agent Scheiderer has extensive knowledge of sexually-oriented offenses, as he was assigned to a human trafficking task force for approximately two years

28.     Agent Scheiderer gave Your Affiant the following information regarding his discovery. On or about March 9, 2018, BCI Special Agent Cornelius McGrady obtained a search warrant in the Pike County (Ohio) Common Pleas Court for the Facebook account of Christopher Newcomb, **Facebook ID: 100002119097778; Chris.newcomb3 (https://www.facebook.com/chris.newcomb3)** as a part of a State of Ohio investigation. This search warrant was specifically to search for information regarding two handguns believed to have been used in the commission of a murder, and the date range in the warrant was January 1, 2014 through the present.

27.     In April 2018, Facebook provided records for Newcombs' account between January 1, 2014, and April 3, 2018. On approximately April 20, 2018, Agent Scheiderer was reviewing the information provided by Facebook and searching for information regarding the handguns. While he reviewed this information, he found a conversation between Newcomb and his girlfriend Randa Hughes. Within that communication Agent Scheiderer observed images shared between Newcomb and Hughes. Those images included photographs of Newcomb's penis and of Hughes in the state of nudity (including photographs of her breasts, vagina and what appears to be her masturbating). Agent Scheiderer knew Newcomb and Hughes and was able to recognize their faces in many of the photographs. Additionally, the communications between Newcomb and Hughes, which accompanied many of the photographs that the two exchanged, involved Newcomb requesting additional photos of Hughs, using words such as "send me more". These communications and exchange of sexually explicit photos occurred throughout 2014.

7

29.     In January 2019, Agent Scheiderer was reviewing Ohio Bureau of Motor Vehicle records via a law enforcement data base in furtherance of the original murder investigation. He found that Hughes date of birth was May 1, 1997. Thus, based on BMV records, at the time the Facebook communications involving the exchange of sexually explicit photos occurred, Hughes was 16 and 17 years old Newcomb was 24 years old.

31.     On February 5, 2019, Your Affiant reviewed the BMV records sent by Agent Scheiderer of Newcomb and Hughes, and reviewed publicly accessible online Facebook pages of Newcomb (**Chris.newcomb3 (https://www.facebook.com/chris.newcomb3**) and Hughes (**https://www.facebook.com/randa.hughes.5)**, and found both accounts to still be active. The photographs associated with the BMV records sent by Agent Scheiderer and the photographs on the active Facebook pages for Newcomb and Hughes appeared to depict the same individuals.

## VII. INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

32.     I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. § 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A), by using the warrant to require Facebook to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## VIII. CONCLUSION

33.     Your Affiant has probable cause to believe that Facebook, Inc., 1601 Willow Rd., Menlo Park, CA 94025 is currently maintaining evidence of violations of Title 18 U.S.C. §§ 2251 and 2252. This evidence, listed in Attachment B to this affidavit, which is incorporated herein by reference, is contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses. Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B.

34.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Furthermore, because the warrant will be served on

Facebook, Inc., who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

Larry J. McCoy
Task Force Officer
Federal Bureau of Investigations

Sworn to and subscribed before me this _____ day of February, 2019.

Elizabeth Preston Deavers
United States Magistrate Judge for the
United States District Court
Southern District of Ohio

9

**ATTACHMENT A**
**ACCOUNTS TO BE SEARCHED**

This warrant applies to information, including but not limited to communications, videos, and photographs, related to the accounts associated with the **Facebook usernames:**

- **Chris Newcomb (https://www.facebook.com/chris.newcomb3) (user ID: 100002119097778)**

- **Randa Hughes (https://www.facebook.com/randa.hughes.5)**

between January 1, 2014 and May 1, 2015 that are stored at premises owned, maintained, controlled, or operated by Facebook, Inc., a social networking company headquartered at 1601 Willow Rd., Menlo Park, CA 94025.

**Facebook Reference No. 2329239 preservation request for Facebook user ID: 100002119097778**

10

**ATTACHMENT B**
**SPECIFIC ITEMS TO BE SEIZED**

**I. Information to be disclosed by Facebook**

To the extent that the information described in Attachment A is within the possession, custody, or control of Facebook Inc., including any messages, records, files, logs, or information that have been deleted but are still available to Facebook, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Facebook is required to disclose the following information that is associated with the following Facebook usernames for the timeframe between January 1, 2014 and May 1, 2015:

- **Chris Newcomb (https://www.facebook.com/chris.newcomb3) (user ID: 100002119097778);**
- **Randa Hughes (https://www.facebook.com/randa.hughes.5)**

a. All contact and personal identifying information, including full name, user identification number, birth date, contact e-mail addresses, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers, for the subscriber of the account specified above and in Attachment A;

b. All activity logs for the account and all other documents showing the user's posts and other Facebook activities;

c. All Photoprints, including all photos uploaded, sent, or received by that User ID/Facebook ID and all photos uploaded, sent, or received by any user that have that user tagged in them, including Exchangeable Image File (EXIF) data and any other metadata associated with those photos;

d. All videos uploaded, sent, or received by the above referenced User ID/Facebook ID, date and time stamp of when such videos were uploaded, sent, or received, and any EXIF data or other data associated with such videos;

e. All other records of communications and messages made or received by the user, including all private messages, chat history, video calling history, and pending "Friend" requests;

11

f.  All profile information; News Feed information; status updates; videos, photographs, articles, and other items; Notes; Wall postings; friend lists, including the friends' Facebook user identification numbers; groups and networks of which the user is a member, including the groups' Facebook group identification numbers; rejected "Friend" requests; comments; gifts; pokes; tags; and information about the user's access and use of Facebook applications;

g.  All IP logs, including all records of the IP addresses that logged into the account, as well as date(s) and time(s) associated with the logins;

h   Most recent logins for the User ID/Facebook ID listed above and in Attachment B;

i.  The length of service (including start date);

j.  All privacy settings and other account settings, including privacy settings for individual Facebook posts and activities, and all records showing which Facebook users have been blocked by the account;

k.  All records pertaining to communications between Facebook and any person regarding the user or the user's Facebook account, including contacts with support services and records of actions taken

## II.    Information to be seized by the government

All information described in Section I, including correspondence, photographs, videos, electronic mail, and electronic messages that constitutes evidence of a crime, contraband, fruits of crime, or other items illegally possessed, or property designed for use, intended for use, or used in committing violations of 18 U.S.C.§§ 2251 and 2252 including, for the account or identifier listed on Attachment A, information pertaining to the following matters, including attempting and conspiring to engage in the following matters:

a.      Any communications related to the use, coercion, enticement, persuasion or inducement of a minor to engage in sexually explicit conduct for the purpose of producing or transmitting a visual depictions of such conduct, including any communications that provide background or understanding of the formation of relationships that led to the creation of visual depictions of minors engaged in sexually explicit conduct.

b.      All images and videos that depict minors engaging in sexually explicit conduct, or that may be used to identify minors depicted in sexually explicit videos or images.

c.      Any information that can be used to identify the owner/user of the specified account(s).

13